UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHNNIE T. WARREN, | : | |
| | : | |
| Petitioner | : | No. 4:CV-05-1827 |
| | : | |
| vs. | : | (Petition Filed 9/12/05) |
| | : | |
| JOSEPH SMITH, Warden, | : | (Judge Muir) |
| | : | |
| Respondent | : | |

### ORDER

October 4, 2005

Johnnie T. Warren, an inmate presently confined in the Lewisburg United States Penitentiary, Lewisburg, Pennsylvania, filed, pro se, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The required filing fee has been paid.  The petition will now be given preliminary consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, as made applicable to § 2241 cases by Rule 1 thereof.  For the reasons set forth below, the petition will be dismissed summarily.

### Background

The petitioner was convicted in the United States District Court for the District of Hawaii, of first-degree murder, attempted murder and assault with a deadly weapon, in

violation of 18 U.S.C. §§ 111 and 113.  United States vs. Warren, 984 F.2d 325 (9th Cir. 1993).  He was sentenced to a term of imprisonment of life, without parole, for the first-degree murder charge; twenty years for the attempted murder charge; and five years for the assault with a deadly weapon charge.  Id.

Warren filed a direct appeal of his conviction to the United States Court of Appeals for the Ninth Circuit, which reversed the conviction for murder and affirmed the convictions for attempted murder and assault.  Id. at 329-31.

After a second trial on the murder charge, a jury again found Warren guilty of first degree murder.  United States vs. Warren, 25 F.3d 890 (9th Cir. 1994).  The district court sentenced him to life without parole to run concurrent with his previous sentences for attempted murder and assault.  Id. Warren then filed a direct appeal to the United States Court of Appeals for the Ninth Circuit, which affirmed the conviction. Id.  Warren did not challenge his indictment or sentence in any other post-conviction proceeding.

Petitioner now turns to this Court seeking relief pursuant to § 2241.  In his instant petition, Warren raises the following grounds for relief:

2

>    1.   District Court lacked jurisdiction over first-degree murder in the island of Hawaii.
>
>    2.   No malice or premeditation was ever shown.
>
>    3.   Ineffective assistance of counsel at new trial.

(Doc. No. 1, petition).

## **Discussion**

A federal criminal defendant's conviction/sentence are subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. § 2255.  E.g., United States vs. Addonizio, 442 U.S. 178, 179 (1979).  In the instant case, Warren is clearly maintaining that both his federal conviction violated his constitutional rights.

Section 2255 provides, in part, that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by <u>motion is inadequate or ineffective</u> to test the legality of his detention" (emphasis added).

3

A motion under § 2255 is "'inadequate or ineffective'" only where it is established "'that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'"  Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam) (quoting United States ex rel. Leguillou vs. Davis, 212 F.2d 681, 684 (3d Cir. 1954)).  It has been recognized that the burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness.  See Id.; Cagle vs. Ciccone, 368 F.2d 183, 184 (8th Cir. 1966). Furthermore, prior unsuccessful § 2255 motions filed in the sentencing court are insufficient in and of themselves to show that the motion remedy is inadequate or ineffective.  Tripati vs. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988); Litterio vs. Parker, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam).  "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative . . . ." Garris vs. Lindsay, 794 F.2d 722, 727 (D.C. Cir.) (emphasis added), cert. denied, 479 U.S. 993 (1986).

The United States Court of Appeals for the Third Circuit has held that as to issues cognizable by the sentencing court under § 2255, a motion under § 2255 "supersedes habeas corpus

4

and provides the exclusive remedy." Strollo vs. Alldredge, 463 F.2d 1194, 1195 (3d Cir.) (per curiam), cert. denied, 409 U.S. 1046 (1972). Moreover, the legislative limitations placed on § 2255 proceedings simply do not render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. In Re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). To seek federal post-conviction relief from a judgment of conviction, persons convicted in federal court are required to bring their collateral attacks challenging the validity of their conviction and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. §2255, not under 28 U.S.C. § 2241. Id. at 249. If a prisoner attempts to challenge his conviction or sentence under 28 U.S.C. §2241, the habeas petition must be dismissed for lack of jurisdiction. Galante, 437 F.2d at 1165.

It has also been held that the fact that a petitioner's §2255 motion may be barred by the one year statute of limitations applicable to such actions does not render that remedy inadequate or ineffective. See United States vs. Lurie, 207 F.3d 1075, 1077-78 (8th Cir. 2000); Charles vs. Chandler, 180 F.3d 753, 758 (6th Cir. 1999); Higgs vs. Hobbs, No. CA 99-1113- RV-C, 2000 WL 284277, at *3 (S.D. Ala. Feb. 29, 2000);

5

Ambrosio vs. United States, No. 99CIV. 9626(DC), 94 CIV. 674(DC), 2000 WL 109009, at * 2 (S.D.N.Y. Jan. 28, 2000).

Petitioner fails to provide an explanation as to why he did not seek a §2255 motion with the sentencing court. It is the petitioner's burden to prove that §2255 would be an inadequate or ineffective remedy. Reyes-Requena vs. United States, 243 F. 3d 893, 901 (5th Cir. 2001) (citing Pack vs. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)). Warren has not met this burden.

Additionally, Warren does not meet the narrow Dorsainvil exception entitling him to § 2241 relief as he has not demonstrated an intervening change in the law which would affect the probability of his innocence.[1] Thus, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 will be dismissed. An appropriate Order follows.

AND NOW, IT IS HEREBY ORDERED THAT:

1. The petition for a writ of habeas corpus is **DISMISSED**, without prejudice to any right Warren may have to file a § 2255

---

2. In Dorsainvil, the court held that a federal prisoner barred from using a § 2255 motion under the AEDPA standards for successive motions could resort to a § 2241 petition if the prisoner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate . . . ." 119 F.3d at 251. The court stressed that the holding was a "narrow one" based on the unusual circumstances presented there. Id. at 251-52.

> motion in the United States District Court for the District of Hawaii.
>
> 2. The Clerk of Court shall **CLOSE** this case.

s/Malcolm Muir
———————————————
MUIR
United States District Judge